UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AJNA LIVING, LLC,
HIGHFIVE BRANDS OPERATIONS, LLC,

                            Plaintiffs,                           22-cv-3127 (PKC)

      -against-                                          ORDER

DIGITAL ACCESSORIES TCM LTD.,
TCM INTERNATIONAL TRADE LTD.,

                            Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       The limited subject matter jurisdiction of a district court is best addressed at the outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction *sua sponte*.

       The plaintiffs bring this action invoking subject matter jurisdiction by reason of diversity of citizenship.  28 U.S.C. § 1332.  Where a complaint premised upon diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.  See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.  Where a complaint names a corporation as a party, the complaint must allege the jurisdiction of incorporation and principal place of business of the corporation.  Id.

Here, the plaintiffs, Ajna Living LLC and Highfive Brands Operations LLC, do not allege the citizenship of the defendant corporations Digital Accessories TCM Ltd. and TCM International Trade Ltd., i.e., the jurisdiction under whose laws they are incorporated and their principal places of business. Nor do the plaintiff LLCs allege their own citizenship, i.e., state (if a US citizen) or country (if not a US citizen) of citizenship of all natural persons who are members of the LLC and, if a corporation is a member, the jurisdiction under whose laws it is incorporated and its principal place of business. Within 7 days of this Order, plaintiffs may serve upon the defendants an interrogatory limited to the citizenship of the defendant corporations. Defendants shall have 7 days to respond to the interrogatory.

Within 30 days of this Order, plaintiff shall amend the complaint to allege the citizenship of the defendant corporations, as well as the citizenship of each of the constituent members of the plaintiff LLCs, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 19, 2022