UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AJNA LIVING, LLC and HIGHFIVE BRANDS
OPERATIONS, LLC,

<table>
<tr><td>Plaintiffs,</td><td>22-cv-3127 (PKC)</td></tr>
<tr><td>-against-</td><td><u>ORDER</u></td></tr>
</table>

DIGITAL ACCESSORIES TCM LTD. and TCM
INTERNATIONAL TRADE LTD.,

                        Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiffs Ajna Living, LCC ("Ajna Living") and Highfive Brands Operations, LCC move for entry of default judgment against defendants Digital Accessories TCM Ltd. ("Digital Accessories TCM") and TCM International Trade Ltd. ("TCM International"). (ECF 46.)  For the reasons set forth below, the defendants' answers are stricken and entry of default judgment against the defendants is granted.

BACKGROUND

          Plaintiffs commenced this action by filing a complaint on April 15, 2022.  (ECF 1.)  At the Court's direction, plaintiffs filed an amended complaint alleging the citizenship of the defendant corporations, as well as the citizenship of each of the constituent members of the plaintiff LLCs.  (ECF 5; ECF 6.)  In the amended complaint, plaintiffs allege that the sole member of plaintiff Ajna Living, LLC is plaintiff Highfive Brands Operations LLC, and the sole member of Highfive Brands Operations, LLC is Highfive Brands, Inc., a Delaware corporation with a principal place of business in New York.  (ECF 6 ¶¶ 3-4.)  Defendants are alleged to be

1

Israeli corporations.  (Id. ¶¶ 5-6.)  Subject matter jurisdiction is properly based on diversity of

citizenship.

Defendants appeared in this action through two attorneys, (ECF 13; ECF 14),

waived service, (ECF 8), and filed answers, (ECF 16; ECF 17).  The attorneys later moved to

withdraw as counsel for defendants, stating that the defendants had ignored counsel's requests

for cooperation with respect to discovery obligations and other matters.  (ECF 22.)  The

attorneys served their motion to withdraw upon each of their clients and filed an affidavit of

service.  (ECF 25.)  Defendants consented to the request to withdraw.  (ECF 23.)

In an Order dated November 17, 2022, the Court granted the attorneys' motion to

withdraw and set a case management conference for all parties on January 17, 2023.  (ECF 30.)

The Order also required defendants, which are entities and not natural persons, to retain an

attorney admitted to practice in this Court.  The Order stated in part:

> **DEFENDANTS DIGITAL ACCESSORIES TCM LTD. AND
> TCM INTERNATIONAL TRADE LTD SHALL CAUSE A
> NOTICE OF APPEARANCE TO BE FILED BY AN
> ATTORNEY ADMITTED TO PRACTICE IN THIS COURT
> ON OR BEFORE JANUARY 4, 2023 AND SAID ATTORNEY
> SHALL APPEAR AT THE JANUARY 17, 2023 2:30 P.M.
> HEARING.  FAILURE TO COMPLY WILL RESULT IN
> STRIKING THE NON-APPEARING DEFENDANT'S
> ANSWER AND THE ENTRY OF A DEFAULT JUDGMENT
> AGAINST IT.**

(Id.)  At the direction of the Court, one of the attorneys served the defendants with a copy of the

Order by email.  (ECF 32.)

The Court held the January 17, 2023 conference as scheduled.  Neither defendant

appeared.  (Minute Entry for Jan. 17, 2023.)  Plaintiffs thereafter filed a motion to compel the

defendants to respond to discovery requests.  (ECF 33.)  The Court held another case

management conference on February 3, 2023, and the defendants again failed to appear.  (Minute

Entry for Feb. 3, 2023; ECF 36.)  The Court granted plaintiffs' motion to compel and warned in

a written Order that defendants' failure to respond to the discovery requests by February 17,

2023, "will result in the striking of any answers filed by them and the entry of a default judgment

against defendants."  (ECF 36.)

On February 22, 2023, having received no response from defendants to the

discovery requests, plaintiffs filed a proposed Certificate of Default, which was rejected by the

Clerk's Office because "an answer has been filed."  (ECF 37; ECF 44.)  On March 21, 2023, the

Court granted plaintiffs leave to file a motion for a default judgment without a Certificate of

Default.  (ECF 45.)  Plaintiffs filed a motion for default judgment on March 23, 2023, and served

the motion on the defendants the same day.  (ECF 46; ECF 49.)  Neither defendant has

responded to the motion or participated in this action since the withdrawal of their attorneys.

DISCUSSION

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when

there is a default in the course of litigation."  City of New York v. Mickalis Pawn Shop, LLC,

645 F.3d 114, 128 (2d Cir. 2011) (quoting Vt. Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d

241, 246 (2d Cir. 2004)).  "Rule 55 provides a 'two-step process' for the entry of judgment

against a party who fails to defend: first, the entry of a default, and second, the entry of a default

judgment."  Id. (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)).

1.  Entry of Default

Rule 55(a) provides that a default may be entered against a defendant that has

failed to "plead or otherwise defend."  Rule 55(a), Fed. R. Civ. P.  "Although Rule 55(a)

contemplates that entry of default is a ministerial step to be performed by the clerk of court, . . . a

district judge also possesses the inherent power to enter a default . . . ."  Mickalis Pawn Shop,

645 F.3d at 128 (citations omitted).

It "is settled law that a corporation may not appear in a lawsuit against it except

through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default

judgment may be entered against it pursuant to Rule 55 . . . ."  Grace v. Bank Leumi Trust Co. of

N.Y., 443 F.3d 180, 192 (2d Cir. 2006) (quoting SEC v. Research Automation Corp., 521 F.2d

585, 589 (2d Cir. 1975)).  More specifically, the failure by a defendant corporation to obtain

counsel in accordance with a court order is deemed "a failure, under Rule 55(a), to otherwise

defend as provided by these rules."  Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1310

(2d Cir. 1991) (quotations omitted) (quoting Shapiro, Bernstein & Co. v. Continental Record

Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)); Mickalis Pawn Shop, 645 F.3d at 130.

The Court concludes that the defendants have failed to "otherwise defend" this

action under Rule 55(a).  Defendants received an explicit notice of the consequences of failing to

obtain new counsel and defend this action.  Specifically, the Court's November 17, 2022 Order

contained a clear, non-technical warning that failure to retain new counsel by January 4, 2023,

and appear via counsel at the January 17 conference would result in the striking of the

defendants' answers and the entry of default judgment against them.  The defendants did not

retain new counsel by January 4 and did not appear through counsel at the January 17 and

February 3 conferences.  As of the date of this Order, they remain unrepresented and have not

communicated with the Court about the requirements of the Court's Orders or otherwise

participated in this action.  The Court concludes that the defendants are in default.

2.   Entry of Default Judgment

"A court's decision to enter a default against defendants does not by definition

entitle plaintiffs to an entry of a default judgment." Bricklayers & Allied Craftworkers Local 2,

Albany, N.Y. Pension Fund v. Moulton Masonry & Construction, LLC, 779 F.3d 182, 187 (2d

Cir. 2015).  Upon a finding of default, a court must still determine if the factual allegations of the

complaint, taken as true, establish liability as a matter of law.  See id.; Mickalis Pawn Shop, 645

F.3d at 137.

a.   Allegations Against Digital Accessories TCM

The amended complaint establishes the liability of Digital Accessories TCM as a

matter of law.  Taking plaintiffs' factual allegations as true, Digital Accessories TCM entered

into an asset purchase agreement (the "APA") with the plaintiffs and a broker on May 3, 2021.

(ECF 6 ¶ 9.)  Pursuant to the APA, "Digital Accessories TCM agreed to purchase all of the

assets of Ajna's eCommerce business and related domain names . . . for an initial purchase price

of $350,000.00 USD" as well as an additional "Earnout Amount" based on the performance of

the assets through September 30, 2021.  (Id. ¶¶ 10-11.)  The APA required Digital Accessories

TCM to deposit the Earnout Amount into an escrow account by October 31, 2021, but Digital

Accessories failed to do so.  (Id. ¶¶ 15-16.)  The amended complaint therefore establishes that

Digital Accessories TCM breached the APA.

The parties to the APA later entered into an agreement to resolve their dispute

regarding the Earnout Amount (the "Settlement Agreement").  (Id. ¶¶ 21-22.)  Under the

Settlement Agreement, plaintiffs agreed to release their claims against Digital Accessories TCM

concerning the breach of the APA in exchange for Digital Accessories TCM's agreement to pay

plaintiffs $330,431.58 by April 1, 2022 (the "Settlement Amount").  (Id. ¶¶ 23, 26.)  Defendant

TCM International represented that it would fund the Settlement Amount on behalf of the undercapitalized Digital Accessories TCM.  (Id. ¶¶ 24-25.)  Defendants failed to pay the Settlement Amount by April 1, 2022.  (Id. ¶ 28.)  The amended complaint therefore establishes that Digital Accessories TCM breached the Settlement Agreement.

> b.   Allegations Against TCM International

The amended complaint alleges that Digital Accessories TCM is a shell for TCM International and that the defendants acted as alter egos during the negotiation of the APA and during settlement negotiations.  (Id. ¶¶ 1, 43.)  "In a diversity case, [courts] apply the choice of law rules of the forum state—in this case New York—to determine what law governs alter ego or piercing the corporate veil analysis."  American Fuel Corp. v. Utah Energy Development Co., 122 F.3d 130, 134 (2d Cir. 1997).

Generally, New York choice of law principles dictate that the law of the state of incorporation applies.  See Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995).  The defendant companies are incorporated under the laws of Israel, but since no party has presented any evidence or argument with respect to Israeli law, New York law will guide the analysis.  See Global Gaming Philippines, LLC v. Razon, 21-Civ-2655, 2022 WL 836716, at *6 (S.D.N.Y. Mar. 21, 2022) (Schofield, J.) (citing Loebig v. Larucci, 572 F.2d 81, 85 (2d Cir. 1978) ("When there is no presumption that New York law is the same as foreign law and no evidence has been presented as to foreign law, New York courts have decided the cases in accordance with New York law.")); Motown Record Co., L.P. v. iMesh.Com, Inc., 03-Civ-7339, 2004 WL 503720, at *8, 8 n.4 (S.D.N.Y. Mar. 12, 2004) (Castel, J.) (declining to consider application of Israeli law to alter ego claim where defendants did not argue the applicability of Israeli law and made no attempt to set forth Israeli law on the subject).

"New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." American Fuel, 122 F.3d at 134 (citing Morris v. New York State Department of Taxation & Finance, 603 N.Y.S.2d 807, 810-11 (1993)).  In determining whether to pierce the corporate veil, courts consider a variety of factors, including:

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.

MAG Portfolio Consult, GMBH v. Merlin Biomed Group LLC, 268 F.3d 58, 63 (2d Cir. 2001) (quoting Freeman v. Complex Computing Co., 119 F.3d 1044, 1053 (2d Cir. 1997)); Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 139 (2d Cir. 1991)).

The amended complaint plausibly alleges that TCM International exercised complete domination over Digital Accessories TCM with respect to the APA and settlement negotiations and that TCM International used that control to commit a wrong that injured the plaintiffs.  Specifically, the amended complaint alleges that Digital Accessories TCM is severely undercapitalized and has no individual employees or officers, and that Digital Accessories TCM and TCM International share a common office space and have "abused the corporate form to shield assets from Digital Accessories TCM's creditors" such as the plaintiffs.  (ECF 6 ¶¶ 43, 45.)  It also alleges that TCM International Agreed to fund the Settlement Amount on behalf of

Digital Accessories TCM and that the CEO of TCM International executed the APA and

negotiated and executed the Settlement Agreement.  (Id. ¶ 43.)  The Court therefore concludes

that the amended complaint plausibly alleges that TCM International is liable on an alter ego

theory for the breaches of the APA and the Settlement Agreement by Digital Accessories TCM.

Plaintiffs also assert a cause of action for tortious interference against TCM

International, alleging that "while knowing of the APA and/or the Settlement Agreement, [it]

intentionally interfered with" Digital Accessories TCM's obligation to pay the plaintiffs.  (Id. ¶

50.)  The Court concludes that this claim is duplicative of plaintiffs' breach of contract claims

against TCM International based on an alter ego theory.

"Two claims are duplicative of one another if they 'arise from the same facts . . .

and do not allege distinct damages.'"  NetJets Aviation, Inc. v. LHC Communications, LLC, 537

F.3d 168, 175 (2d Cir. 2008) (quoting Sitar v. Sitar, 50 A.D.3d 667, 670 (2d Dep't 2008)).  A

tortious interference claim is duplicative of a contract claim, and thus precluded, when it is

asserted against the same party that allegedly breached the contract and is based on the same

conduct that gave rise to the alleged breach.  Lavazza Premium Coffees Corp. v. Prime Line

Distributors Inc., 575 F. Supp. 3d 445, 471 (S.D.N.Y. 2021) (Failla, J.) (quoting Choquette v.

Motor Information Systems, Inc., 15-Civ-9338, 2017 WL 3309730, at *6 (S.D.N.Y. Aug. 2,

2017) (Caproni, J.); Wiederman v. Spark Energy, Inc., 19-Civ-4564, 2020 WL 3965258, at *10

(S.D.N.Y. Mar. 9, 2020), report and recommendation adopted, 19-Civ-4564, 2020 WL 1862319

(S.D.N.Y. Apr. 14, 2020) (Gardephe, J.)).

Here, plaintiffs' breach of contract claims and tortious interference claim are both

asserted against TCM International, arise from the same set of facts, and seek $330,431.58 in

damages – the Settlement Amount agreed to in the Settlement Agreement.  (ECF 6 ¶¶ 23, 47,

52.)  Default judgment is therefore denied as to the tortious interference claim.

        3.  <u>Damages</u>

Unlike the factual allegations of a complaint, allegations related to damages are

not accepted as true on a motion for default judgment.  <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653

F.2d 61, 65 (2d Cir. 1981).  Rather, the Court must determine whether there is a reasonable basis

for the damages specified by the moving party.  <u>See</u> Rule 55(b)(2), Fed. R. Civ. P.; <u>Transatlantic</u>

<u>Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) (quoting

<u>Fustok v. ContiCommodity Services, Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989)).  While Rule 55(b)

permits a court to conduct a hearing on damages, "it [is] not necessary for the District Court to

hold a hearing, as long as it ensured that there was a basis for the damages specified in the

default judgment."  <u>Transatlantic Marine Claims Agency</u>, 109 F.3d at 111 (quoting <u>Fustok</u>, 873

F.2d at 40) (alteration in original).  An appropriate basis for determining damages includes

"detailed affidavits and documentary evidence."  <u>Fustok</u>, 873 F.2d at 40.

Plaintiffs' motion seeks $330,431.58 in damages resulting from the breach of the

Settlement Agreement, pre- and post-judgment interest, and $69,037.23 in attorneys' fees.  The

Court concludes that plaintiffs are entitled to $330,431.58 in damages.  As set forth in the

amended complaint and in the declaration of Jonathan White filed in support of the motion for

default judgment, $330,431.58 is the Settlement Amount that Digital Accessories TCM failed to

pay to plaintiffs as agreed under the Settlement Agreement.  (ECF 6 ¶ 23; ECF 48 ¶¶ 3-5.)

Plaintiffs are also entitled to prejudgment interest at a statutory rate of 9% per

year.  (ECF 48 ¶ 4 (stating that section 8 of the Settlement Agreement provided it would be

governed by New York law)); N.Y. C.P.L.R. §§ 5001, 5004.  Interest accrues on an unpaid

judgment by operation of law.  28 U.S.C. § 1961.

Plaintiffs have also established their entitlement to reasonable attorneys' fees.

The amended complaint alleges that, "[p]ursuant to Section 10 of the Settlement Agreement, the

parties agreed that the prevailing party in any action to enforce the Settlement Agreement would

be entitled to its reasonable costs and expenses, including its reasonable attorneys' fees, incurred

in connection with enforcing the Settlement Agreement."  (ECF 6 ¶¶ 27, 41.)  The White

Declaration sets forth the hourly rates that plaintiffs agreed to pay certain attorneys and

paralegals at the Brown Rudnick law firm.  (ECF 48 ¶ 21.)  Plaintiffs seek a total of $69,037.23

in attorneys' fees for 82.5 hours of work, including researching and drafting the complaint,

preparing and responding to document requests, attending settlement calls and conferences, and

researching and drafting the motions to compel discovery responses and for default judgment.

(ECF 47 at 12-13; ECF 48 ¶ 22(c).)  The Court concludes that the requested fees are reasonable.


CONCLUSION

The Court concludes that defendants are in default and that plaintiffs are entitled

to default judgment on their claims for breach of contract against Digital Accessories TCM and

against TCM International on a theory of alter ego liability.  Default judgment is denied as to the

tortious interference claim against TCM International.  The defendants' answers are stricken.

Defendants are jointly and severally liable to plaintiffs in the amount of

$330,431.58 in damages resulting from the breach of the Settlement Agreement, $32,427.56 in

prejudgment interest from the period April 1, 2022, to the date of this judgment, $69,037.23 in

attorneys' fees.

The Clerk is directed to terminate the motion, (ECF 46), and enter a default judgment against Digital Accessories TCM and TCM International in the amounts set forth herein.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 4, 2023